IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CARLA HEATH,                        )
                                    )
            Plaintiff,              )
                                    )
    v.                              ) Civ. No. 12-846-SLR
                                    )
DEPUTY WARDEN ROBERT MAY            )
et al.,                             )
                                    )
            Defendants.             )

## MEMORANDUM ORDER

At Wilmington this 30th day of April, 2013, having screened the case pursuant to 28

U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) the complaint is dismissed for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and

§ 1915A(b)(1); (2) plaintiff is given leave to amend; and (3) plaintiff's request for

counsel (D.I. 11) is denied without prejudice to renew, for the reasons that follow:

1. **Background**. Plaintiff Carla Heath ("plaintiff"), an inmate at the Delores J.

Baylor Women's Correctional Institution ("Baylor"), New Castle, Delaware, who

proceeds pro se and has been granted in forma pauperis status, filed this complaint

pursuant to 42 U.S.C. § 1983 alleging medical negligence.[1] (D.I. 3)

2. **Standard of review**. This court must dismiss, at the earliest practicable time,

certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state

a claim, or seek monetary relief from a defendant who is immune from such relief. *See*

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has
deprived her of a federal right, and that the person who caused the deprivation acted
under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for

2

failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. The complaint contains a number of allegations related to plaintiff's medical condition and care.  Plaintiff was taken to the medical unit in December 2011 after she became ill while working in the kitchen.  She was provided medical care, diagnosed with a stomach virus, and treated with Naproxen, aspirin, and Motrin.  On April 26, 2012, plaintiff was taken to the hospital and underwent surgery for a bleeding ulcer.  Plaintiff alleges that medical staff should have known that the medications she was administered in December 2011 were contraindicated for a bleeding ulcer.  Plaintiff wants medical "to take responsibility for the negligen[ce] on their part."  She seeks nominal and punitive damages.

7. **Personal involvement**.  Other than to name the defendants, there are no allegations directed towards them with regard to plaintiff's medical claim.  A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)).

8. It appears that defendants Robert May, Wendi Caple, Thomas Carroll, Carl Danberg, Mike Deloy, and Jim Welch are named as defendants based upon their supervisory positions.  As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  "'A[n individual

4

government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Purpose rather than knowledge is required to impose liability on an official charged with violations arising from his or her superintendent responsibilities.[3] *Iqbal*, 556 U.S. 677. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

9. In the present case, plaintiff does not associate any of her allegations with the supervisory defendants. Indeed, the complaint contains no allegations against these defendants, other than to list their titles and allege they are "responsible" for matters under their supervision. Plaintiff provides no facts to support a claim against them, and the claims are facially insufficient.

10. **Medical**. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

---

[3]In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official. See *Bayer v. Monroe County Children and Youth Services*, 577 F.3d 186, 190 n.5 (3d Cir. 2009)

11. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (unreported) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

12. The complaint does not refer to any defendant involved in providing medical care to plaintiff. However, since it appears plausible that plaintiff may be able to name appropriate defendants, she will be given an opportunity to amend her pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

13. **Request for counsel**. Plaintiff requests counsel. (D.I. 11) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation

by counsel.[4]  *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v.*

*Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  However, representation by counsel may be

appropriate under certain circumstances, after a finding that a plaintiff's claim has

arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

14.  After passing this threshold inquiry, the court should consider a number of

factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*,

294 F.3d 492, 499 (3d Cir. 2002).

15.  This case is in its early stages and, at present, plaintiff has yet to state a

claim upon which relief may be granted and has been given leave to amend.  In the

same vein, to date, no defendants have been served.  In addition, she appears to

possess the ability to adequately pursue her claims.  Upon consideration of the record,

the court is not persuaded that representation by an attorney is warranted at this time.

The court can address the issue at a later date should counsel become necessary.

15.  **Conclusion**.  For the above reasons, the complaint is dismissed for failure to

state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

---

[4]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296
(1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an
unwilling attorney to represent an indigent civil litigant, the operative word in the statute
being "request.".

and § 1915A(b)(1).  Plaintiff will be given leave to file an amended complaint within thirty

(30) days from the date of this memorandum order.  If an amended complaint is not

timely filed, the case will be closed.  The request for counsel is denied without prejudice

to renew.  (D.I. 11)


UNITED STATES DISTRICT JUDGE

8